[No. 173-2.    Division Two.    May 3, 1971.]

STEVE G. VICTOR et al., *Appellants*, v. FANNING STARKEY COMPANY et al., *Respondents*.

*Louis J. Muscek* (of *Muscek, Adams, Swayze, Baker & Rohrs*), for appellants.

*Skoog, Mullin & Cooper,* for respondents.

PER CURIAM.—The plaintiffs, Steve and Irene Victor and their son George, were the owners of real property in Tacoma, Washington. The defunct "Blue Moon Tavern" occupied a portion of the plaintiffs' building. A former tenant of the tavern had experienced financial difficulties and owed the plaintiffs $3,300 in back-rental payments. Mr. Victor was seeking to find a new tenant who would lease the premises for a number of years.

The defendants Mazza were interested in acquiring a tavern and engaged Harold C. Starkey of the Fanning Starkey Company to find a suitable purchase. The purchase of the tavern was contingent upon acquiring a contemporaneous lease.

Mr. Starkey discussed the matter of negotiating a 5-year lease for the benefit of the new purchaser of the "Blue Moon Tavern" with Mr. Victor. During the discussions, Mr.

Victor made it known that the former tenant owed $3,300 in back rent for which he wanted to be reimbursed. Subsequently, the plaintiffs entered into a 5-year lease with the Mazzas, incorporating most of the conditions which Mr. Victor had made known to Starkey, but specifically omitting any reference about the delinquent rents incurred by the former tenant.

The plaintiffs' first contention is that the trial court erred in failing to find an implied contract in fact which obligated the defendants Mazza and Starkey to pay the back rent of $3,300 incurred by the former tenant.

The trial court found that neither the Mazzas nor Mr. Starkey entered into any agreement to pay the plaintiff the $3,300 back-rental payments.

We have reviewed the record and hold that this finding is supported by substantial evidence. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

The plaintiffs' second contention is that the court erred in refusing to admit into evidence a letter written to Mr. Starkey by Mr. Starkey's attorney on the ground that it was a privileged communication between an attorney and his client.

We find that the trial court was correct in refusing to admit the letter which had been sent to Mr. Starkey. This communication contained a discussion about certain aspects of the business transaction, and therefore falls within the purview of the attorney-client privilege as stated in RCW 5.60.060(2):

> An attorney or counselor shall not, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment.

It is clear that the same privilege accorded to the attorney is also granted to the client and that the client may not be forced to divulge any communication from the attorney which is privileged. *State v. Emmanuel,* 42 Wn.2d 799, 259 P.2d 845 (1953). The privilege also applies if an instrument

or document contains the privileged communication. *See* 58 Am. Jur. *Witnesses* § 499 (1948).

The trial court's judgment in favor of the defendants is affirmed.